IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| IN RE: MAUREEN ANITA FLANDERS | ) | |
| **Debtor(s)** | ) | CHAPTER 13 |
| | ) | |
| CREDIT ACCEPTANCE CORPORATION | ) | CASE NO. 19-15621 (ELF) |
| **Moving Party** | ) | |
| | ) | |
| v. | ) | |
| | ) | HEARING DATE: **10-13-20 at 9:30 AM** |
| MAUREEN ANITA FLANDERS | ) | |
| **Respondent(s)** | ) | |
| | ) | 11 U.S.C. 362 |
| WILLIAM C. MILLER | ) | |
| **Trustee** | ) | |

## STIPULATION OF SETTLEMENT OF MOTION OF CREDIT ACCEPTANCE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

This matter having been brought before the Court on a Motion For Relief From Automatic Stay by William E. Craig, Esquire, attorney for Credit Acceptance Corporation ("Credit Acceptance"), and the Debtor having opposed such Motion through her counsel, Brad J. Sadek, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That Credit Acceptance is the holder of a first purchase money security interest in a 2017 Kia Sportage bearing vehicle identification number KNDPM3AC8H7039628.

2. That the parties stipulate that the Debtor's account with Credit Acceptance has post-petition arrears through October 2020 in the amount of $4,831.96; that with the addition of counsel fees and costs for the instant Motion in the amount of $531.00, the total amount to be cured is $5,362.96.

3. That the Debtor is to cure the arrearage set forth in paragraph two (2) above by making her regular monthly payment of $492.33 plus an additional $833.83 (total payment of $1,386.16) per month for the months of November 2020 through April 2021 (6 month cure) directly to Credit Acceptance.

4. That commencing November 2020, if the Debtor fails to make any payment to Credit Acceptance within thirty (30) days after it falls due, Credit Acceptance may send, via facsimile and regular mail, the Debtor and counsel a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

5. That Credit Acceptance shall only be required to send one notice of default of this Stipulation.  For a second default, Credit Acceptance may file a Certification Of Default with the Court without having first sent the 10-day default notice, and the Debtor may only oppose same on the basis that payments were timely made, and by attaching proof of payments made timely under the terms of this Stipulation.

6. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:


/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Attorney for the Debtor



/s/ William E. Craig
William E. Craig, Esquire
Attorney for Credit Acceptance Corporation